UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID AVERY, ET AL.,

      Plaintiff,

v.

SECRETARY OF STATE, JOCELYN
BENSON, ET AL.,

      Defendants.

Case No. 19-10623

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

_____/

**OPINION AND ORDER DISMISSING DEFENDANT GENE'S TOWING COMPANY WITHOUT PREJUDICE; GRANTING THE CITY OF DETROIT'S AND THE DETROIT POLICE DEPARTMENT'S MOTION TO DISMISS [7]; AND GRANTING THE SECRETARY OF STATE'S MOTION TO DISMISS [17]**

Plaintiffs — David Avery and three corporations he owns — bring this suit under 42 U.S.C. § 1983 and Michigan state law for monetary and injunctive relief against the City of Detroit, the Detroit Police Department, the Michigan Secretary of State, and Gene's Towing Company.

**FACTUAL BACKGROUND**

The Amended Complaint provides very little factual detail. Plaintiffs allege that Avery operates a tow-truck recovery service and that in 2015 he was accused of identity theft and violation of Michigan laws pertaining to the recording of vehicle titles. He was prosecuted in the Third Circuit of Michigan in *State of Michigan v.*

*David Avery*, Case No. 15-06190301-FY (filed Dec. 17, 2015) and then *State of Michigan v. David Avery*, Case No. 16-05507301-FY (filed Mar. 4, 2016). The county sought civil forfeiture against his property in *People of the State of Michigan ex rel. Kym L. Worthy, Wayne County Prosecutor v. Real Property Located at 3734-40 Fenkell, Detroit, Michigan, 48238, et al., and One 2012 Ford DRW Tow Truck (VIN: 1FDOW5HTCDC09022), et al, and David Avery*, Case No. 16-000649-CF. Plaintiffs have attached to their Amended Complaint a stipulated order signed by Chief Judge Robert J. Colombo, Jr. ordering the return of Plaintiffs' property.

Plaintiffs also allege that the Michigan Secretary of State has placed an administrative flasher on him and his companies that requires Avery to ask permission of a Secretary of State investigator before selling vehicles or renewing his drivers' license. The flasher has also allegedly prevented him from renewing his standing with the Highland Park Police Department, where he previously served as a reserve officer.

## PROCEDURAL BACKGROUND

Plaintiffs filed suit on March 3, 2019. [Dkt. # 1]. They filed an Amendment Complaint [3] on April 5, 2019. It appears from the docket that one Defendant, Delanard Harris, was not served. On May 15, 2019, the City of Detroit filed a Motion to Dismiss [7]. On June 4, 2019, Gene's Towing Company filed a Motion to Dismiss [10]. After filing a Motion for Extension of Time [11], Plaintiffs responded to both

motions on June 25, 2019. On July 16, 2019, Secretary of State Jocelyn Benson filed a Motion to Dismiss [17]. All three motions were briefed, and a hearing was held on these motions on November 6, 2019. Per the Court's order, the City of Detroit and the Secretary of State filed supplemental briefing [25, 26] on November 20, 2019.

## LEGAL STANDARD

The Secretary of State moves to dismiss for lack of subject matters pursuant to FED. R. CIV. P. 12(b)(1). A challenge to subject matter jurisdiction takes the form of a facial attack or a factual attack. Such a motion may challenge "the factual existence of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014). Accordingly, Plaintiffs' factual allegations do not get the benefit of the presumption of truthfulness, and the Court may "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

All three movants move to dismiss under Rule 12(b)(6). On motions to dismiss under FED. R. CIV. P. 12(b)(6), the Court must "construe the complaint in a light most favorable" to Plaintiffs and "accept all of [their] factual allegations as true." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). "Although the factual allegations in a complaint need not be detailed, they 'must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.'" *Id.* quoting *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir.

2007). To survive such a motion, Plaintiff must plead factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

## Analysis

Plaintiffs bring causes of action under 42 U.SC. § 1983 and Michigan state law alleging mistreatment by Gene's Towing, the City of Detroit, the Detroit Police Department, and the Michigan Secretary of State.

### I. Gene's Towing

At the hearing, the Court observed that Gene's Towing Company was not a state actor and so could not be sued under § 1983. Neither Defendant nor Plaintiff objected to dismissing the case against Gene's Towing Company so that the state law claims against it could be decided in state court. For the reasons stated on the record, Gene's Towing Company will be dismissed as a Defendant.

### II. The City of Detroit and the Detroit Police Department

"While a municipality may be held liable under 42 U.S.C. § 1983 for a constitutional violation directly attributable to it, § 1983 does not impose vicarious liability on a municipality for the constitutional torts of its employees." *Stemler v.*

*City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). Indeed, § 1983 provides for municipal liability only where Plaintiffs' injury was caused by "action pursuant to official municipal policy." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978).

Plaintiffs do not respond to this argument. They do not name any individuals in the city as liable parties. In their response they list as "volitional acts" only the two criminal and one forfeiture actions brought against David Avery. (*See* Dkt. 14). These actions are attributable neither to the city nor the police department. Further, claims against the Detroit Police Department are not actionable, because police departments are not legal entities amenable to lawsuit. *Pierzynowski v. Police Dept. City of Detroit*, 970 F.Supp. 633, 637 (E.D. Mich. 1996).

### III. The Michigan Secretary of State

The Eleventh Amendment bars suits against states, state agencies, or state departments, unless such immunity was abrogated by Congress. State officials acting in their official capacity are not "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In the course of the briefing, Plaintiffs relinquished their claims for monetary relief against the Secretary of State. They clarified that they sought only an injunction removing the administrative flasher, and attorney's fees. (*See* Dkt. 20, pg. 1-2).

Though *Ex Parte Young* 209 U.S. 123 (1908) provides a mechanism for seeking injunctive relief against state officials sued in their individual capacity,

Defendant correctly observes that Plaintiffs do not specify in what capacity they are suing the Secretary of State. Nor do Plaintiffs mention *Ex Parte Young*, or any other case law in support of their suit for injunctive relief. They also fail to respond to the Secretary of State's argument in their response brief. (*See* Dkt. 20). Sixth Circuit law has provided that "absent any indication that these defendants are being sued individually, we must assume that they are being sued in their official capacities." *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). Because Plaintiffs do not specify that they are suing the Secretary of State in her individual capacity, they cannot circumvent the Eleventh Amendment under *Ex Parte Young*. Their suit against the Secretary of State is properly dismissed under Rule 12(b)(1) on these grounds.

Even if the Court had jurisdiction, it would still dismiss Plaintiffs' claims under Rule 12(b)(6).

Plaintiffs in their complaint describe the administrative flasher as follows:

> An administrative flasher prohibits the Plaintiffs with conducting business with the Secretary of State unless any and each transaction is approved by the Investigator designated by the Secretary of State; the Administrative Flash thus imposes onerous reporting conditions on the Plaintiffs, who have not been found guilty of any wrongdoing.

Dkt. 3, pg. 5.

Plaintiffs plead that these reporting conditions violate several provisions of the United States constitution: The Privileges and Immunities Clause of the

Fourteenth Amendment, the Due Process and Takings Clause of the Fifth and Fourteenth Amendment, the Fourth Amendment, and the Eighth Amendment. Each of these constitutional provisions will be considered in turn.

The privileges and immunities clause of the Fourteenth Amendment provides that "[n]o state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States." U.S. Const. amend. XIV, § 1. Though the exact meaning of the clause has been much disputed, it broadly functions to protect citizens' rights to travel between states and receive the same fundamental liberties from one state as that state provides to its own citizens. *See Saenz v. Roe*, 526 U.S. 489, 503-04 (1999) (citing *Slaughter-House Cases*, 16 Wall. 36, 21 L.Ed 394 (1872). David Avery is a Michigan resident. (Am. Compl. pg. 1). The residence of the corporate plaintiffs is not pled, but nowhere in the Amended Complaint do Plaintiffs allege that their alleged mistreatment was motivated by the state in which they reside. The privileges and immunities clause is entirely inapposite to this case.

Nor does the Fifth Amendment due process clause provide Plaintiff with a constitutional claim. Individuals may have a constitutionally protected property interest in maintaining their driver's licenses. *See Fowler v. Benson*, 924 F.3d 247, 257 (6th Cir. 2019). Plaintiffs have not pled, however, that the administrative flasher has deprived Avery of his right to maintain a driver's license. Nor have Plaintiffs

specified what constitutional liberties the "onerous reporting conditions" have impinged.

At best, Plaintiffs might be able to argue that the reporting conditions make it impossible to receive some constitutionally protected licensure or approval in the time in which it is necessary. Without knowing what that licensure or approval is, however, the Court is in no position to evaluate whether Plaintiffs have a constitutionally protected property interest in it. Even if Plaintiffs did have such a property interest, they would not have standing to bring a suit for injunctive relief, unless they pled with specificity how the administrative flasher would burden these rights. In order to demonstrate standing for prospective relief, "a plaintiff must show that he is under threat of suffering injury in fact that is concrete and particularized" and that "threat must be actual and imminent, not conjectural and hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Plaintiff has pled no such threat of a concrete and particularized injury from the administrative flasher.

Next, the administrative flasher does not infringe Plaintiffs' Fourth Amendment's rights to be free of unreasonable searches and seizures. "Only legitimate expectations of privacy are protected by the Constitution." *Rakas v. Illinois*, 439 U.S. 128, 151 (1978) (Powell, J., concurring). Plaintiffs do not allege that the administrative flasher entails any search of anything over which they have a legitimate expectation of privacy. An added layer of review to their applications and

submissions is not a search within the meaning of the Fourth Amendment. There are no allegations that the Secretary of State intends to take any actions to search or seize any place or property over which Avery has a legitimate expectation of privacy.

Finally, Plaintiffs plead that the administrative flasher violates their rights under the Eighth Amendment. The Eighth Amendments provides, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Plaintiffs do not allege that the Secretary of State is intending to fine them or hold them on bail, so they must be alleging that they have been subjected to cruel and unusual punishment. In order to plead such a case, they would need to allege that the Secretary of State is subjecting them to "the unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). This they cannot plausibly allege from bureaucratic delay alone.

## CONCLUSION

As discussed at the hearing, Gene's Towing is not a state actor, and federal court is not the proper forum for Plaintiffs to pursue their claims against it. The Detroit Police Department and the City of Detroit are not liable for the actions of individual officers absent colorable allegations of municipal liability, of which there are none in this case. The Secretary of State is immune from money damages under the Eleventh Amendment, and she cannot be sued for injunctive relief unless named in her individual capacity, which she is not. Further, even if she were properly

named, Plaintiffs' Amended Complaint does not state a claim against her upon which relief can be granted. The Court sees no reason to reach the statute of limitations question.

Accordingly,

**IT IS ORDERED** that Defendant Gene's Towing Company is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the City of Detroit and the Detroit Police Department's Motion to Dismiss [7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Secretary of State's Motion to Dismiss [17] is **GRANTED**.

**SO ORDERED**.

Dated: January 10, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge